## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY JOHNSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    **Case No. 23-CV-351-RAW-GLJ** |
| | ) |
| SHELTER MUTUAL INSURANCE | ) |
| COMPANY and AMANDA KNOWLES | ) |
| INSURANCE AGENCY, LLC, | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Ashley Johnson's Motion to Remand. Plaintiff instituted this action in state court in McCurtain County, Oklahoma against the above-named Defendants.  Shelter Insurance Company removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq*. *See* Docket No. 2 ("Notice of Removal").   Plaintiff now seeks to have the case remanded to state court for lack of diversity jurisdiction.  The Court has referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* Docket No. 16.  For the reasons set forth below, the undersigned Magistrate Judge finds the Plaintiff's Motion to Remand [Docket No. 14] should be GRANTED.

### Procedural History

Plaintiff, an Oklahoma resident, filed this action on August 21, 2023, in state court in McCurtain County, Oklahoma, in Case No. CJ-2023-121.  Plaintiff asserts claims

against Shelter Mutual Insurance Company for breach of contract and breach of the duty of good faith and fair dealing, and against Amanda Knowles Insurance Agency, LLC for negligent procurement of insurance and constructive fraud and negligent misrepresentation. *See* Docket No. 2, Ex. 2. On October 13, 2023, Shelter removed this action based on diversity jurisdiction because Plaintiff is a resident of the State of Oklahoma and it is a foreign insurance company incorporated in and with its principal place of business in the State of Missouri. *See* Docket No. 2, ¶¶ 3 & 4. Although Knowles was formed under the laws of the State of Oklahoma and its principal place of business is Oklahoma, *see* Docket No. 2, Exh. 2, Shelter asserts Knowles was fraudulent joined by Plaintiff to defeat diversity jurisdiction and, therefore, Knowles' domicile should not be considered for diversity jurisdiction purposes. *See* Docket No. 2, ¶¶ 5-9. Plaintiff moves to remand, asserting there is no diversity jurisdiction.

**Analysis**

I.      **Legal Standard**

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress. *See* U.S. Const. art. III, § 2, cl. 1, & *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 332, 333 (10th Cir. 1982). "With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support [its] claim with clear and convincing evidence." *Castens v. Conseco Life Ins. Co.*, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (citing *Mitchell v. Ford Motor Co.*, 2005 WL 1567069, at *3 (W.D. Okla. July 5, 2005)).

II.    **Fraudulent Joinder**

Shelter removed this action to federal court based on diversity jurisdiction. *See* Docket No. 2. It is clear from the Petition and the Notice of Removal, however, that the parties are not completely diverse as required by 28 U.S.C. § 1441(b)(2). *See* Docket Nos 2, Exh. 2. Defendants argue that diversity exists as Knowles is improperly joined because there is no reasonable basis to believe Plaintiff might succeed in one of her claims against Knowles.

A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Miller v. Jackson*, 2016 WL 1464558, at * 1 (E.D. Okla. April 4, 2016) (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation and internal brackets omitted)).

Defendants assert Knowles was fraudulently joined under the second prong. In *Montano v. Allstate Indemnity*, the court held that the party alleging fraudulent joinder must prove the plaintiff "ha[s] *no possibility* of recovery" against the nondiverse defendant. 2000 WL 525592, at *4 (10th Cir. Apr. 14, 2000) (emphasis added). The *Montano* court explained that:

> This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."

*Id*. at *5–6 (citation omitted) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–53 (3d Cir. 1992)).[1] Any uncertainty regarding the viability of the claims asserted against the

---

[1] *See*, *e.g.*, *Johnson v. State Farm Fire and Cas. Co.*, 2019 WL 5388521, at *2-3 (N.D. Okla. Oct. 22, 2019) (analysing the difference between the "no possibility of recovery" standard of *Montano* and the "reasonable basis" standard in *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. Appx. 911, 913 (10th Cir. 2006) and concluding that the "no possibility of recovery" standard in *Montano* is closely tracked by the reasoning in *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)).

nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"—must be resolved in favor of remand. *Montano*, 2000 WL 525592, at *2 (internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988 (discussing the removing party's "heavy burden").

When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F. 2d 879, 881-82 (10th Cir. 1967); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). However, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882; *Miller*, 2016 WL 1464558, at * 1.

## A.   Negligent Procurement of Insurance

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Companies*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on "specialized knowledge [about] the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003) (citing *Swickey*, 979 P.2d at 269). "To discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents need only offer coverage mandated by law and coverage for

needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Id*. If an agent is not provided with pertinent information, "the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance does not extend" to create liability for unknown information. *Rotan*, 83 P.3d at 895. Oklahoma courts agree that an insurance agent does "not have a duty to advise an insured with respect to his insurance needs." *Id*.; *Mueggenborg v. Ellis*, 55 P.3d 452, 453 (Okla. Civ. App. 2002).

Plaintiff alleges she engaged Knowles to procure home insurance and requested "a replacement cost policy for her home." *See* Docket No. 2, Exh. 2 at ¶ 46. Plaintiff further alleges Knowles represented and agreed to procure coverage "that would provide replacement cost coverage to repair and/or replace the property back to its pre-loss condition in the event of damage and/or loss." *Id*. Finally, Plaintiff alleges Knowles independently established, calculated and set the replacement cost policy limits and represented to her that the coverage amount chosen was sufficient to "repair and/or replace Plaintiff's property to its pre-loss condition in the event of a loss." *Id*. at ¶¶ 50-51.

Defendants argue that Knowles owed no duty to Plaintiff because Knowles did not make a mistake or provide the wrong type of insurance as it procured a "replacement coverage" policy for Plaintiff. *See* Docket No. 18, pp. 5-6 & No. 19, p. 4. Defendants also argue that Plaintiff's allegation that Knowles determined the amount of coverage is incorrect factually, as Knowles simply inputted some data into Shelter's software system and the system calculated the coverage amount. *Id*. at No. 18, pp. 7-8 & No. 19, p. 6. Shelter further argues that Plaintiff's actual claim is against Shelter, not Knowles, for its

adjustment of Plaintiff's claim, which was estimated to be below Plaintiff's policy limits. *Id*., p. 5.

Defendants first incorrectly assert that the legal standard for determining if a cause of action exists for purposes of fraudulent joinder is the same as granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  As noted above, however, *Montano* held that the "standard is more exacting than that for dismissing a claim under Fed. R. Civ. Po. 12(b)(6)" and instead requires Defendants prove Plaintiff has "no possibility of recovery" against Knowles.  2000 WL 525592, at *4.  "'In fact, the standard for showing fraudulent joinder is so stringent, due to the presumption in favor of a plaintiff's right to select their forum and join tortfeasors'; 'the presumption against the exercise of removal jurisdiction due to federalism concerns'; 'and the risk of a post-merits reversal for lack of jurisdiction that joinder may be considered legitimate even when the predicate claim would not survive on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).'"  *Yeary v. Safeco Ins. Co. of America*, 2022 WL 3447120, at *3 (N.D. Okla. Aug. 17, 2022) (quoting *Cross v. Clemons*, 2021 WL 5770171, at *12822 (W.D. Okla. Dec. 6, 2021)).  Defendants fail to meet their high burden.

Contrary to Defendants argument that Plaintiff got the insurance policy she requested, Plaintiff alleges she specifically requested Knowles procure a replacement cost policy for her home and that Knowles represented and agreed to procure coverage "that would provide replacement cost coverage to repair and/or replace the property back to its pre-loss condition in the event of damage and/or loss."  *See* Docket No. 2, Exh. 2 at ¶ 46. While the policy Knowles procured may be titled a replacement or total restoration policy,

it is disputed that such a policy met the amount Plaintiff requested and Knowles represented it to be.  *See*, *e.g.*, *Branch v. Farmers Ins. Co., Inc.*, 123 F.Supp.2d 590, 594 (W.D. Okla. 2000), *aff'd in part*, *rev'd in part and remanded*, 311 F.3d 1241 (10th Cir. 2002) ("the plain and ordinary meaning of 'replacement cost' is the sum of those costs an insured is reasonably likely to incur in replacing [her] covered loss").  Indeed, Plaintiff alleges that all cost estimates she received far exceed the limits of the policy Knowles procured for her and all disputed questions of fact and ambiguities in the controlling law must be resolved in favor of Plaintiff.  *See Miller*, 2016 WL 1464558, at *1.

Defendants are also incorrect in asserting that Plaintiff's request for a replacement policy was not a specific request and is the equivalent to a request for "adequate" or "full" coverage.  As discussed in *Rains v. CSAA Fire and Cas. Ins. Co.,* 2020 WL 6729085, *4 (N.D. Okla. Nov. 16, 2020), unlike requests for "full" or "adequate" coverage, "a specific request for 'replacement' coverage, could qualify as a 'need[ ] … disclosed by the insureds' that would trigger an agent's duty to provide such coverage if promised."  (citing *Rotan*, 83 P.3d at 895).  As in *Rains*, the undersigned Magistrate Judge finds that Plaintiff's allegation that she requested replacement coverage is a term that connotes a specific type of coverage that raises the possibility that Knowles owed her a duty to provide such requested coverage.

Defendants' argument that Knowles' actions in procuring or determining the amount of the "replacement" coverage was so ministerial as to be inconsequential is also unavailing.  Although both Defendants argue that Knowles merely inputted some limited information and Shelter's computer program did the actual coverage calculation, this

minimizes Knowles' role and ignores that it very well may have inputted information incorrectly.  At a minimum, Knowles collected necessary information from Plaintiff and assisted in determining coverage by using Shelter's computer program.  *See Misner v. State Farm Fire & Co.*, 2015 WL 789160, at *2 (W.D. Okla. Feb. 24, 2015).  Moreover, Plaintiff specifically alleges that Knowles informed her that not only would the $360,000 policy limit be sufficient to rebuild her home but that Plaintiff "would also save premium dollars by choosing this amount."  *See* Docket No. 2, Exh. 2 at ¶ 25.  This allegation implies Knowles likely had more discretion or flexibility in selecting the coverage amount than Defendants intimate.    Indeed,  if  the  agent's  role  in  procuring  the  policy  is  as inconsequential as Defendants allege, it is difficult to discern what benefit the agent provides to the policy holder to earn the commission presumably paid for procuring the policy.

Lastly, Shelter incorrectly asserts that Plaintiff's claim is merely related to its adjustment of her claim.  While Plaintiff is clearly claiming Shelter improperly adjusted her claim, even if Shelter paid the full policy limits, Plaintiff also claims she is underinsured due to Knowles' negligence.

The  long  line  of  applicable  Oklahoma  cases  "simply  illustrates  that  an  agent's undertaking to procure coverage for an insured is one of those circumstances where the agent acts on the insured's behalf."  *Montano*, 2000 WL 525592, at *3.  Thus, although Oklahoma law holds that "an insurance agent owes no duty to offer the insured policy advice, [such holding] does not conflict with the quite different principle that, having undertaken to procure coverage for the insured, the agent must do so with professional

care." *Id*. "Furthermore, the Tenth Circuit is in agreement with the Third Circuit that '[a]

claim which can be dismissed only after an intricate analysis of state law is not so wholly

insubstantial and frivolous that it may be disregarded for purposes of diversity

jurisdiction.'" *Miller*, 2016 WL 1464558, at *2 (citing *Brazell v. Waite*, 2013 WL

2398893, at *3 (10th Cir. June 4, 2013)). As a result, the undersigned Magistrate Judge

cannot say with complete certainty that Plaintiff has no possibility of recovery against

Knowles and its inclusion as a defendant constitutes a fraudulent joinder. Therefore,

Knowles' non-diverse status bars removal to federal court.

### B.    Constructive Fraud/Negligent Misrepresentation

Plaintiff also asserts a claim of constructive fraud and negligent misrepresentation

against Knowles based on her allegations that it breached its duty to her by misrepresenting

or concealing material facts. *See* Docket No. 2, Exh. 2 at ¶ 58. Plaintiff alleges Knowles

misrepresented material facts by representing that by buying the policy from Shelter

Plaintiff was buying peace of mind and that the replacement cost valuation would fully

replace Plaintiff's home in the event of a loss. *Id*.

To establish a claim for constructive fraud under Oklahoma law, Plaintiff must plead

and eventually prove that: (1) Knowles owed her a "duty of full disclosure"; (2) Knowles

"misstated a fact or failed to disclose a fact" to Plaintiff; (3) Knowles' "misstatement or

omission was material"; (4) Plaintiff "relied on [Knowles'] material misstatement or

omission"; and (5) Plaintiff "suffered damages as a result of [Knowles'] material

misstatement or omission." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d

1165, 1180-81 (10th Cir. 2008) (internal quotation marks omitted). Defendants argue

Knowles did not owe any duty to Plaintiff. In *Ford v. Liberty Mut. Ins. Co.*, 2020 WL 259554 (W.D. Okla. Jan. 16, 2020), the court concluded that, although the insurance agent had no affirmative duty to advise an insured regarding her insurance needs or explain the coverage afforded under a policy, "Oklahoma law recognizes that a duty to speak may 'arise, even though it might not exist in the first instance, once a defendant voluntarily chooses to speak to plaintiff about a particular subject matter.'" (quoting *Specialty Beverages*, 537 F.3d at 1180 (emphasis and internal quotation marks omitted). As such, "[a] duty to speak may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth." *Id*. (quoting *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353 (Okla. 1988.

Plaintiff alleges that she asked for and Knowles agreed to provide her with replacement coverage and represented the policy procured provided such coverage. As a result, the undersigned Magistrate Judge cannot say with complete certainty that Knowles had no duty to notify Plaintiff that the policy procured would in fact not actually fully replace her home in the event of a loss. Therefore, Defendants fail to carry their burden of showing that there is no possibility of recovery on Plaintiff's constructive fraud claim and Knowles' non-diverse status bars removal to federal court. Moreover, even if Defendants could meet their burden with respect to the constructive fraud claim, the undersigned Magistrate Judge previously concluded Defendants failed to meet their burden under Plaintiff's negligence claim, and it must only conclude there is a basis upon which Plaintiff "might succeed in at least one claim against the non-diverse defendant." *Yeary*, 2022 WL 2447120, at *3 (quoting *Nerad*, 203 Fed. Appx. at 913).

### III.   Attorney's Fees

Plaintiff requests an award of her attorney's fees in the event the Motion to Remand is granted because Shelter's removal was wrong as a matter of law.  "In deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal.  The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005) (citations omitted).  Under 28 U.S.C. § 1447(c), "if a defendant's removal could be fairly supported by the law at the time, even if later deemed incorrect, a district court's discretionary decision not to award fees is appropriate." *Id*.  Given the complex and nuanced nature of the law in the relevant area of an insurance agent's duty to a policy holder, the undersigned Magistrate Judge does not find that Defendants' arguments as to fraudulent joinder were unfounded.  Although the undersigned Magistrate Judge finds that Defendants have not shown Plaintiff's claims against Knowles are not possible, it is far from clear whether Plaintiff's claims will survive as a matter of law.  Thus, the undersigned Magistrate Judge recommends that Plaintiff's request for attorney's fees be denied.

-13-

## Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion to Remand [Docket No. 14] should be GRANTED for lack of subject matter jurisdiction. The undersigned Magistrate Judge further recommends the case be remanded to the District Court of McCurtain County, in the State of Oklahoma. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 16th day of February, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**